# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

EDWARD O. SMITH and BARBARA S. SMITH,

                    Debtors.

Case No. F09-00445-DMD
Chapter 13

Filed On
8/26/09

## MEMORANDUM RE: TADLOCK OBJECTIONS

Debtor Edward D. Smith seeks to discharge certain obligations arising from a property settlement agreement with his former spouse Janice Tadlock. Tadlock objects to this treatment, contending that she is entitled to payment in full under 11 U.S.C. § 523(a)(15). Section 523(a)(15) claims are dischargeable in full payment Chapter 13 cases however. Judge Ross faced a similar situation in *In re Peterson*[1] and stated:

> Richie's § 523(a)(15) claim *is* dischargeable in a full compliance (i.e., full payment) case under the terms of 11 USC § 1328(a). On the other hand, if the debtor fails to fully comply, the balance of the § 523(a)(15) claim will not be discharged. He will either get a hardship discharge under § 1328(b), or maybe a discharge under chapter 7, or maybe no discharge at all. In any event, § 1328(b) discharges do not discharge § 523(a)(15) debt; a full compliance discharge under § 1328(a) does discharge § 523(a)(15) debt.[2]

In other words, the debtors' full performance of a Chapter 13 plan gives them a discharge of § 523(a)(15) claims. Tadlock's objections to confirmation appear to lack merit. Tadlock has

---

[1] Case No. A07-00481-DMD, at p.2 (Bankr. D. Alaska 2008). A copy of Judge Ross' Peterson decision is attached to this memorandum.

[2] *Id.*

filed a priority claim, however.  The debtors must file formal objections to her priority claim and prevail on those objections prior to confirming any plan.  The debtors must also amend their plan relative to the claims of Alaska USA Federal Credit Union.  Confirmation of the debtors' current amended Chapter 13 plan will be denied.

DATED: August 26, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:        J. Crawford, Esq.
              L. Levengood, Esq.
              Jason Kern w/Alaska USA FCU
              L. Compton, Trustee
              U. S. Trustee

              08/26/09

JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

Filed On
7/23/08

In re

ULF M. PETERSEN,

                    Debtor(s)

Case No. A07-00481-DMD
In Chapter 13

MEMORANDUM REGARDING
CONFIRMATION OF AMENDED
CHAPTER 13 PLAN

1. INTRODUCTION- A confirmation hearing was held on July 22, 2008, regarding debtor's amended plan. After hearing argument and testimony, the court made some tentative rulings, subject to the court verifying the law. After doing the research I determined to confirm the amended plan: (a) without delaying the voiding of the clerk's deed; and, (b) acknowledging the dischargeability of Erica Richie's § 523(a)(15) property settlement claim for less than full payment; she should get about two-thirds under a full-compliance plan. This memo is also to make a better record about the court's reasons for confirming.

2. ERICA RICHIE'S CLAIMS- At the confirmation hearing, the parties agreed that the priority portion of Erica Richie's Proof of Claim No. 3, amounting to $17,696.15, is for debtor's domestic support obligation to her.

I determined that the balance of her claim, $58,420.67, is unsecured, and not secured. Erica Richie acknowledges that the $58,420.67 claim is one under 11 USC § 523(a)(15) for

Page 1 of 4

1 | property settlement, and not one under § 523(a)(5) for support.[1] She claimed this amount as a

2 | secured claim because she acquired a superior court clerk's deed to debtor's home in an Alaska

3 | state divorce court proceeding. The deed was obtained in violation of the automatic stay, and by

4 | entry of the order confirming the plan, it will be deemed void pursuant to orders of Judge Donald

5 | MacDonald IV.[2] At the confirmation hearing on July 22, 2008, Erica Richie's attorney

6 | acknowledged that her assertion of a secured claim is based on an equitable mortgage theory

7 | premised on the validity of the clerk's deed; i.e., the deed is really to secure payment of the debt.

8 | Since the deed is void, the debt is unsecured.

9 |      3. DISCHARGEABILITY OF § 523(a)(15) CLAIM; AMOUNT RICHIE WILL BE PAID-

10 | Richie's § 523(a)(15) claim *is* dischargeable in a full compliance (i.e., full payment) case under the

11 | terms of 11 USC § 1328(a). On the other hand, if the debtor fails to fully comply, the balance of

12 | the § 523(a)(15) claim will not be discharged. He will either get a hardship discharge under

13 | § 1328(b), or maybe a discharge under chapter 7, or maybe no discharge at all. In any event,

14 | § 1328(b) discharges do not discharge § 523(a)(15) debt; a full compliance discharge under §

15 | 1328(a) does discharge § 523(a)(15) debt.

16 |      To analyze what this means, I have prepared a table to calculate approximately what Ms.

17 | Richie will receive in a full compliance chapter 13 case under the plan being confirmed.[3] My

18 | numbers are close to what the trustee calculates will be due under the plan. He says in his case

19 |

20 |

21 |     [1] *See, Objection of Erica Richie to Confirmation of Chapter 13 Plan*, Docket No. 110, filed July 21,
2008: "Richie's claim is for $76,116.82 consisting of $58,420.67 claimed as secured which is a property

22 | settlement claim falling within section 523(a)(15) of the code. There is a $17,696.15 non-dischargeable priority
debt which falls within 523(a)(5) of the code. The plan should the amended to differentiate what portion of the

23 | monthly payments are being applied to the nondischargeable 523(a)(5) claim and what portions are being
applied to the secured claim."

24 |

25 |     [2] *Order Regarding Motion for Continued Relief from Clerk's Deed*, Docket 102, filed June 16, 2008,
and *Order Regarding Order to Show Cause and Motion to Vacate*, Docket No. 92, filed April 18, 2008.

26 |

27 |     [3] *See*, attached spreadsheet titled *A07-00481-DMD, Ulf M. Petersen - Plan Analysis.*

28 | MEMORANDUM REGARDING CONFIRMATION
OF AMENDED CHAPTER 13 PLAN                                           Page 2 of 4

1 | report the plan should pay a total of $69,993.00; my calculations show $69,142.66. The trustee
2 | said at the hearing about $63,000.00 to creditors; I came up with $62,228.39.

3 |       If no more claims are filed,[4] Ms. Richie should start getting about 95% of the unsecured
4 | creditors' payments in about October 2010 (after payment of her priority claim of $17,696.15 from
5 | the first funds). Debtor listed only a small amount of unsecured debt in his schedules.

6 |       If debtor complies with the plan, per my calculations a little more than $20,000 of the
7 | Richie unsecured claim will be discharged (if more claims are filed, more of Ms. Richie's claim
8 | would be discharged; her recovery would be watered down). But, the unpaid balance, whatever it
9 | is, will not ride through the bankruptcy and will not be collectable at the other end if debtor fully
10 | performs his plan.

11 |       And, if my analysis is right, the debtor might consider *not* challenging the Richie
12 | unsecured claim (he has 20 days to do so), because if he just adheres to the plan he will come out
13 | just as well with a discharge as he would by getting the claim reduced (he would have to get at
14 | least a $20,000 reduction to improve over just discharging that amount by performing his plan).

15 |       The calculations also show that if the debtor complies with the confirmation requirements
16 | Ms. Richie will receive more from the plan than she would in a chapter 7 liquidation.[5] Ms. Richie
17 | claims there is $30,000 in equity in the debtor's home which is not exempt from Richie's divorce
18 | judgment. Even if there is $30,000 in equity, the usual 6% transaction costs in a sale would eat up
19 | about half of the $30,000. The plan is better for her than a chapter 7.

20 |     4. STATE COURT CLERK'S DEED WILL BE VOIDED- The clerk's deed entered in favor
21 | of Erica Richie will be voided by the confirmation. I originally considered a confirmation order
22 | which would void the deed after one-year of plan payment compliance by debtor. I have since

23 |
24 |

---

25 | [4] The claims bar date is July 29, 2008.

26 | [5] 11 USC § 1325(a)(4).

27 |
28 | MEMORANDUM REGARDING CONFIRMATION
   | OF AMENDED CHAPTER 13 PLAN

1  determined that I could or should not revise the debtor's plan to add this term just because I think

2  it is a neat compromise.

3        First, the clerk's deed was obtained in violation of the automatic stay.  And, even though

4  Judge MacDonald was willing to annul the stay to allow the deed to stand if a plan is not

5  confirmed, he ordered that it be voided if a plan is confirmed by July 25, 2008.

6        Second, there are more than sufficient incentives for debtor to perform the plan instead of

7  using it as a ruse to secrete assets.  The plan buys the possibility of some peace between the

8  warring parties; there is not enough equity in the house to justify such a maneuver; and, debtor

9  would have to abandon the possibility of discharging $20,000 of § 523(a)(15) debt if he does not

10 perform.

11       Third, it is debtor's plan and not mine, and he has not definitely consented to my

12 suggested delay in voiding the deed.

13       Fourth, given the litigious history between the parities, why add a future battle about this

14 issue?

15
        DATED:  July 23, 2008
16

17
                                                 /s/ Herb Ross
18                                               HERB ROSS
                                            U.S. Bankruptcy Judge
19

20 Serve:
   Ulf Peterson, Debtor
21 Hal Gazaway, Esq., 8620 Boundary Ave., Anchorage, AK 99504, for Erica Richie
   Greg Oczkus, Esq., for Erica Richie
22 Larry Compton, Trustee
   US Trustee
23      07/23/08

24
   Attachment: *Plan Analysis*                                              D6812
25

26

27
   MEMORANDUM REGARDING CONFIRMATION
28 OF AMENDED CHAPTER 13 PLAN                                          Page 4 of 4

### *A07-00481-DMD, Ulf M. Petersen -  Plan Analysis*

| Plan Periods | Mo. Pymt | Mos | Yearly | APFD | GrossAmt | Net 90% | Cumm Net |
|---|---|---|---|---|---|---|---|
| 07/01/08 to 06/01/09 | 710.00 | 12 | 8,520.00 | 1,500.00 | 10,020.00 | 9,018.00 | 9,018.00 |
| 07/01/09 to 10/01/10 | 856.00 | 16 | 13,696.00 | 1,500.00 | 15,196.00 | 13,676.40 | 22,694.40 |
| 11/01/10 to 12/01/11 | 1,056.00 | 14 | 14,784.00 | 1,500.00 | 16,284.00 | 14,655.60 | 37,350.00 |
| 01/01/12 to 05/01/13 | 1,452.37 | 18 | 26,142.66 | 1,500.00 | 27,642.66 | 24,878.39 | 62,228.39 |
| – Totals | | 60 | 63,142.66 | 6,000.00 | 69,142.66 | 62,228.39 | |

---

#### Erica Richie's POC 3

| | |
|---|---|
| Priority DSO | 17,696.15 |
| Unsecured | 58,420.67 |
| – Total | 76,116.82 |

---

#### Priority Claims

| | |
|---|---|
| Erica Richie-POC 3 | 17,696.15 |
| IRS-POC4 | 4,263.56 |
| – Total | 21,959.71 |

---

#### Unsecured Claims

| | | |
|---|---|---|
| eCast Settlement-POC 1 | 460.37 | |
| eCast Settlement-POC 2 | 1,827.74 | |
| Erica Richie-POC 3 | 58,420.67 | |
| IRS-POC4 | 788.08 | |
| – Total | 61,496.86 | Erica's percent of unsecured claims ==>   94.998% |

---

#### Amount for Unsecured Claims

| | |
|---|---|
| Net to creditors | 62,228.39 |
| Less priority claims | -21,959.71 |
| – Total net for unsecured | 40,268.68 |

---

#### Erica Richie's unsecured recovery

| | | |
|---|---|---|
| Percent recovered ($40,268.68/$61,496.86) | 65.48% | |
| ***Net unsecured paid Erica under plan*** | ***38,254.37*** | 94.998% of $40,268.68 |
| ***Discharged under*** § ***1328(a)*** | ***20,166.30*** | |
| – Total of Erica Richie's unsecured claim | 58,420.67 | |