### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ALASKA

In re:

EDWARD O. SMITH and
BARBARA S. SMITH,

              Debtors.

Case No. F09-00445-DMD
Chapter 13

**Filed On 12/22/09**

## MEMORANDUM RE CLAIM NO. 6

      Janice E. Tadlock, debtor Edward Smith's former spouse, filed Proof of Claim No. 6 in the sum of $40,531.46. Tadlock contends her claim is a nondischargeable domestic support obligation under 11 U.S.C. § 523(a)(5), entitled to priority status under 11 U.S.C. § 507(a).[1] The debtors have objected to Tadlock's claim, and propose it instead be allowed as a general unsecured claim.

      A domestic support obligation can include an obligation "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated."[2] Federal bankruptcy law rather than state law applies to determine whether a debt is a nondischargeable support obligation under § 523(a)(5).[3]

---

[1] Although she didn't "check" the applicable box on the claim form, Tadlock presumably claims priority status under § 507(a)(1)(A), which gives a first priority to "allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition . . . , are owed to or recoverably by a spouse." 11 U.S.C. § 507(a)(1)(A).

[2] 11 U.S.C. § 101(14A)(B).

[3] *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984); *Stout v. Prussel*, 691 F.2d 859, 861 (9th Cir. 1982).

In the Ninth Circuit, eight factors have been applied to determine whether obligations imposed by a divorce decree are in the nature of support.[4] They are:

1. The label given to the payments;

2. The context or location of the disputed provision in the decree;

3. The parties' negotiations and understanding of the provision;

4. Whether a lump sum or periodic monthly payments were provided for;

5. The relative earning power of the parties;

6. Whether the recipient spouse would be entitled to alimony under state law;

7. Whether interest accrues on the entire debt or only on the monthly payments past due; and

8. Whether the debtor's obligation of payment terminates on the death or remarriage of the recipient, or on the death of the debtor.[5]

No evidence was submitted by either party at the hearing.  Copies of the divorce decree and the property settlement agreement ("PSA") were attached to Tadlock's proof of claim, however.  I will take judicial notice of these two documents.

---

[4] *Leppaluoto v. Combs (In re Combs)*, 101 B.R. 609, 616 (B.A.P. 9th Cir. 1989).

[5] *Id.*

2

The divorce decree incorporates by reference the terms of the PSA. The payments to which Tadlock is entitled under the PSA are labeled as property settlement rather than alimony, maintenance or support. Under Paragraph 2 of the PSA, the parties agreed "to the following distribution of the properties, real and personal, acquired during [their] marriage."[6] Paragraph 2.b. of the PSA stated:

> The Wife shall have all of the property and assume all of the obligations as is [sic] more fully set forth in Exhibit B hereto, subject to any conditions set forth either in any exhibits attached to this agreement or in the body of this agreement.[7]

Exhibit B to the PSA provides, in part:

> In lieu of additional personal property, wife will be awarded $25,000.00. A Promissory Note secured with Deed of Trust on property located 3339 Baker Road, North Pole, Alaska will be executed. Monthly payments of $500.00 to being June 8, 2007 until paid in full at 10 percent interest beginning 1 May, 2002.[8]

Tadlock contends this provision requiring monthly payments is in the nature of support and thus entitled to priority treatment. The debtors disagree. Reviewing this provision under the eight factors considered by the Ninth Circuit in determining whether an obligation is in the nature of support yields the following analysis. First, the payment

---

[6] Tadlock's Proof of Claim No. 6, filed Aug. 21, 2009, at 3.

[7] *Id.* at 4.

[8] *Id.* at 14.

3

obligation arose "in lieu of" an additional award of personal property, and the location of this disputed provision was in the description of property awarded to Tadlock. No evidence of the parties' negotiations or understanding of this provision was presented. Periodic monthly payments were provided, rather than a lump sum. No evidence was presented regarding the relative earning power of the parties or whether Tadlock would have been entitled to alimony under state law in 2002. Interest accrued on the entire debt and not just the monthly payments. The debtor's obligation of repayment did not terminate on the death or remarriage of Tadlock.

Applying the eight factors to the PSA and divorce decree, I conclude that the debtor's obligation to Tadlock is a property settlement obligation under § 523(a)(15) rather than a domestic support obligation under § 523(a)(5). Tadlock's claim is not entitled to priority and will be allowed instead as a general unsecured claim. However, the debtors will have to fully perform under their chapter 13 plan if they seek to discharge the debt to Tadlock. Although her claim is a property settlement rather than a support obligation under § 523(a)(5), it is not dischargeable in chapter 7 nor would it be discharged if the debtors were to seek a hardship discharge in this chapter 13 case.[9]

An order will be entered consistent with this memorandum.

---

[9] *See* 11 U.S.C. §§ 727(b), 1328(c)(2).

4

DATED: December 22, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:    J. Crawford, Esq.
L. Levengood, Esq.
L. Compton, Trustee
U. S. Trustee

12/22/09